UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| JOSEPH FOREMAN,<br><br>    Plaintiff,<br>v.<br><br>DENNIS PREVIZIZ, MIMUZA PREVIZIZ, ABC Corp 1-3, JOHN DOE 1-3,<br><br>    Defendants. | Civil Action No.<br><br>2:13-CV-5807-SDW-SCM<br><br>**ORDER AND OPINION FOR DISMISSAL**<br><br>**April 27, 2015** |

**WIGENTON**, District Judge.

## I.   INTRODUCTION

Before this Court is an Order to Show Cause why this case should not be dismissed for lack of prosecution. (ECF Docket Entry No. ("D.E.") 12). For the reasons set forth herein, this case is **dismissed without prejudice**.

## II.   BACKGROUND AND PROCEDURAL HISTORY

On September 20, 2013, plaintiff Joseph Foreman ("Plaintiff') filed his complaint against defendants Dennis Previzi, Mimuza Previzi, ABC Corp 1-3 (fictitious name) and John Doe 1-3 (fictitious name). (D.E. 1). A summons was issued on October 1, 2013. (D.E. 2).

On February 7, 2014, this Court noticed a call for dismissal pursuant to Federal Rule of Civil Procedure 4(m) for failure to effect service within 120 days of the filing of the complaint. (D.E. 3). Ten days later, Plaintiff's counsel filed an affidavit explaining that he attempted to have defendants served in Monroe, New York and Clearwater Beach, Florida. (Davis Affidavit, D.E. 4).

Thereafter, in June 2014, Plaintiff sought and obtained entry of default. (D.E. 7, 8). On September 8, 2014, Plaintiff moved for entry of default judgment and requested a proof hearing. (D.E. 10). The motion was denied as moot and Plaintiff's counsel was ordered on November 5, 2014 to submit an affidavit outlining the requested damages for the Court's consideration. (D.E. 11).

Plaintiff's counsel did not provide the requested affidavit, and on March 16, 2015, the Honorable Steven C. Mannion, U.S.M.J. ordered Plaintiff to show cause why this case should not be dismissed for lack of prosecution. (D.E. 12).

Plaintiff's counsel responded with a letter stating, among other things, that he was waiting to hear from defendant Previzi's insurance carrier about its intentions. (D.E. 13). Neither Plaintiff nor his counsel filed an affidavit or certification or appeared in Courtroom 3C on April 21, 2015 as ordered. (D.E. 12).

2

### III. LEGAL STANDARD AND ANALYSIS

Courts have the authority to dismiss a lawsuit for a party's failure comply with the court's orders and for a party's failure to prosecute. Fed.R.Civ.P. 16(f)(1)(C), 41(b). This case can be dismissed for both reasons.

#### A. Rule 41, Failure to Prosecute

The Complaint can be dismissed pursuant to Federal Rule of Civil Procedure 41(b). Rule 41(b) allows a court to dismiss an action for failure to "prosecute or to comply with [the] rules or a court order." Fed.R.Civ.P. 41(b). Ordinarily, to ensure "that a party still has [his or] her day in court," *Knoll v. City of Allentown*, 707 F.3d 406, 410 (3d Cir. 2013), the court must consider the six factors adopted by the Third Circuit in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) before dismissal. However, the *Poulis* factors need not be considered where the dismissal is without prejudice. *Choi v. Kim*, 258 Fed.Appx. 413, 417 at n.5 (3d Cir. 2007).

Local Civil Rule 41.1 similarly provides that civil cases "which have been pending in the Court for more than 120 days without any proceedings having been taken therein must be dismissed for lack of prosecution . . . unless good cause is shown with the filing of an affidavit or other document complying with 28 U.S.C. § 1746 from counsel of record or the unrepresented party."

3

Here, "good cause" has not been shown by the filing of an affidavit or the letter submitted by Plaintiff's counsel. Plaintiff has failed to prosecute his claims since November 5, 2014, which is well over 120 days.

### B. Rule 16(f), Failure to Comply With Court Orders

Federal Rules of Civil Procedure 16(a) through (e) prescribe standards governing pretrial conferences, scheduling orders, and case management. Rule 16(f) authorizes sanctions for violations of the standards. It provides, in relevant part, that "[o]n motion or on its own, the court may issue any just orders ... if a party or its attorney ... fails to obey a scheduling or other pretrial order." Fed.R.Civ.P. 16(f)(1)(C).

Here, Plaintiff's counsel was ordered on November 5, 2014 to "submit an affidavit outlining the requested damages for the Court's consideration" and did not. (D.E. 11).

Next, Plaintiff was ordered to "file an affidavit or certification with this Court by midnight on 4/8/2015 showing good cause why this case should not be dismissed…", but did not. (D.E. 12). Finally, Plaintiff's counsel was ordered to "appear before Magistrate Judge Mannion for a status conference in Courtroom 3C on 4/21/2015 at 11:30 a.m.", and did not.

### IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that this matter is **dismissed without prejudice** for failure to prosecute and for failure to comply with the Court's orders.

s/Susan D. Wigenton, U.S.D.J.

Orig:    Clerk
c:       Parties
         Magistrate Judge Mannion